IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| HELEN THOMAS-FISH, Individually and as Executrix of the Estate of Robert C. Fish,<br><br>    Plaintiff,<br><br>    v.<br><br>AETNA STEEL PRODUCTS CORP., *et al.*,<br><br>    Defendants. | Civil No. 17-cv-10648 RMB/KMW<br><br>**OPINION** |

LEVY KONIGSBERG, LLP
By: Amber Rose Long, Esq.
    Joseph J. Mandia, Esq.
800 Third Avenue, 11th Floor
New York, New York 10022
        Counsel for Plaintiff

McGIVNEY, KLUGER & COOK, P.C.
By: William D. Sanders, Esq.
18 Columbia Turnpike, 3rd Floor
Florham Park, New Jersey 07932
        Counsel for Defendant Sonic Industries, Inc.

**DISTRICT JUDGE RENÉE MARIE BUMB:**

    This matter comes before the Court upon Defendant Sonic Industries, Inc.'s Motion to Dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) [Docket No. 60]. The issue raised by the motion is whether Plaintiff Helen

Thomas-Fish has pled sufficient facts supporting this Court's exercise of specific personal jurisdiction over Defendant Sonic Industries on a successor liability theory. The Court holds that Plaintiff has not. Accordingly, the Motion to Dismiss will be granted.[1]

I. **BACKGROUND**

The Complaint sparsely alleges "Plaintiff's Decedent [Robert Fish] was exposed to asbestos while working in 1960 as a civilian at New York Shipbuilding and Drydock located in Camden, New Jersey[.]" (Compl. ¶ 4) Robert Fish died in 2016, allegedly from complications of mesothelioma caused by exposure to asbestos. (Id. ¶ 2)

The Complaint identifies a laundry list of Defendants, "[o]ne, some or all" of whom are alleged to be "manufacturers, suppliers, installers or distributors of asbestos fibers, dust, minerals, particles and other finished and unfinished asbestos-containing products to which Mr. Fish was exposed and/or are otherwise liable for injuries resulting from work performed and/or products supplied by the joiner contractor that installed asbestos-containing paneling during the construction of the NS Savannah at NY Ship [sic] in Camden, New Jersey." (Compl. ¶ 6)

---

[1] In light of the disposition of this motion, Plaintiff's Motion to Stay the case [Docket No. 58] will be denied as moot, as the only remaining Defendant to this suit, Aetna Steel Products Corp., has not entered an appearance in this case.

One such Defendant is "RBC Sonic," which Defendant Sonic Industries asserts is not a legal entity but a name "occasionally used informally by Sonic Industries, Inc. employees." (Feeney Decl. ¶ 20)

It is undisputed for purposes of the instant motion that Sonic Industries is not subject to general jurisdiction in the State of New Jersey. Sonic Industries is incorporated in California and maintains its principal place of business in Connecticut. (Feeney Decl. ¶¶ 6-7) Plaintiff served the Summons and Complaint in this case upon Sonic Industries at its manufacturing facility located in Torrance, California. (Id. ¶ 8)

## II. LEGAL STANDARD

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing the court's jurisdiction over the defendant. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004). Although the plaintiff must ultimately prove personal jurisdiction by a preponderance of the evidence, such a showing is unnecessary at the early stages of litigation. Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992). Instead, the plaintiff must "present[ ] a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts

between the defendant and the forum state." Id. at 1223 (citations omitted). Once the plaintiff meets his or her burden, the burden shifts to the defendant to establish the presence of other considerations that would render the exercise of personal jurisdiction unreasonable. Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 150 (3d Cir. 1992) (citation omitted).

## III. **ANALYSIS**

It is undisputed that Sonic Industries, Inc. was not incorporated until 1966, therefore it "did not exist in 1960." (Feeney Decl. ¶¶ 5-6). Thus, it must be that Plaintiff does not assert that Sonic Industries, itself, "manufacture[d], supplie[d], installe[d] or distribut[ed]" any asbestos-containing product to which Mr. Fish was exposed, but rather, that Sonic Industries is "otherwise liable for injuries resulting from work performed and/or products supplied by the joiner contractor that installed asbestos-containing paneling." (Compl. ¶ 6)

*How* Sonic Industries is alleged to be "otherwise liable" is not set forth in the Complaint, nor does the Complaint contain any allegations as to personal jurisdiction. In opposition to the instant motion however, Plaintiff asserts that Sonic Industries is subject to personal jurisdiction in New Jersey "as successor to the joiner contractor that performed the work that injured Mr. Fish." (Opposition Brief, p. 8) It is not clear

whether any of the presently-named Defendants to this suit are the unnamed predecessor joiner contractor of which Plaintiff speaks.[2]

While a Court may assert specific personal jurisdiction over a defendant on a successor liability theory, in this case, the facts pled in Plaintiff's Complaint do not make a prima facie showing[3] of this Court's personal jurisdiction over Sonic Industries. To impute the jurisdictional contacts of one corporate entity to another corporate entity, Plaintiff must plead facts supporting a plausible conclusion that the alleged successor entity is a "'mere continuation'" of, is "'the same'" as, or "'is not distinct from,'" the alleged predecessor entity.

---

[2] Perhaps all of the presently-named Defendants are suspected to be possible successors to the unnamed joiner contractor. Plaintiff's opposition brief vaguely and unhelpfully asserts that "one, some or all of the named defendants are jointly and/or individually liable as the successor to the joiner contractor." (Opposition Brief, p. 8) At a different point in the brief, Plaintiff explains, "Plaintiff's Complaint named as defendants the entities that Plaintiff could identify from the information publicly available as those that *appear to be* successor(s) to the joiner contractor on the N.S. Savannah." (Id. p. 13) (emphasis added). Plaintiff does not specifically identify the publicly available information she states she consulted in drafting her Complaint.

[3] Because a Rule 12(b)(2) motion "is inherently a matter which requires resolution of factual issues outside the pleadings," the jurisdictional allegations may be supported with sworn affidavits or other documents. Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009). Plaintiff has apparently elected to rest on the few factual allegations of the Complaint and has not submitted any evidence in opposition to the instant motion.

Ostrem v. Prideco Secure Loan Fund, LP, 841 N.W.2d 882, 898 (Iowa 2014) (collecting and quoting authorities).[4] Often, courts will impute the jurisdictional contacts of an alleged predecessor to an alleged successor when: (a) the alleged successor has acquired all, or substantially all, of the assets of the alleged predecessor, see, e.g., American Top English, Inc. v. Golden Gate Capital, L.P., 2004 WL 407031 at *3 (N.D. Ill. 2004), or (b) the alleged predecessor has been merged into the alleged successor, see, e.g., Metro-Goldwyn-Mayer Studios, Inc. v. Canal & Distribution S.A.S., 2010 WL 537583 at *5 (S.D.N.Y. 2010); see also, Williams v. Bowman Livestock Equip. Co., 927 F.2d 1128, 1132 (10th Cir. 1991) ("successor liability can be imposed when there is a statutory merger or consolidation, or, in limited circumstances, a sale or transfer of all, or substantially all, the assets of a corporation.")

---

[4] See also, Motor Components, LLC v. Devon Energy Corp., 338 S.W.3d 198, 204 (Tex. Ct. App. 2011); Apollo Galileo USA Partnership v. American Leisure Holdings, Inc., 2009 WL 377381 at *7-8 (N.D. Ill. 2009); Southwest Antenna and Tower, Inc. v. Roberts Wireless Communications, LLC, 2005 WL 8164032 at *6-7 (D.N.M. 2005); Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 784-85 (7th Cir. 2003); Patin v. Thoroughbred Power Boats Inc., 294 F.3d 640, 649-50 (5th Cir. 2002); LiButti v. United States, 178 F.3d 114, 124 (2d Cir. 1999) (applying New Jersey law); Huth v. Hillsboro Ins. Mgmt, Inc., 72 F. Supp.2d 506, 510 (E.D. Pa. 1999); Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 630 (11th Cir. 1996); Linzer v. EMI Blackwood Music, Inc., 904 F. Supp. 207, 213 (S.D.N.Y. 1995); Smith v. Halliburton Co., 118 N.M. 179, 186-87 (1994); Simmers v. American Cyanamid Corp., 394 Pa. Super. 464, 484 (Sup. Ct. 1990).

(internal citations omitted).[5] In contrast, courts have held that a corporate entity that is only an assignee of another corporate entity does not acquire the assignor's jurisdictional contacts by virtue of the assignment alone. See, e.g., Purdue Research Foundation, 338 F.3d at 784-85[6]; Rogers v. 5-Star Mgmt, Inc., 946 F. Supp. 907, 913-14 (D.N.M. 1996). In all cases, the key inquiry is the alleged structure of the corporate transaction between the two entities at issue.

In this case, Plaintiff has not pled a single fact relevant to the imputation issue. Indeed, Plaintiff has not even pled the existence of any type of corporate transaction between Sonic Industries and the predecessor joiner contractor.[7] Contrary to

---

[5] There may be other circumstances supporting a successor liability theory of specific personal jurisdiction. For example, allegations of a fraudulent transaction might also support a conclusion that the two allegedly separate corporate entities are actually the same, thereby supporting imputation of jurisdictional contacts. See Ostrem, 841 N.W.2d at 898; Patin, 294 F.3d at 648; LiButti, 178 F.3d at 124.

[6] But see Lincoln Benefit Life Co. v. Wells Fargo Bank, N.A., 2017 WL 6539244 at *5 (D.N.J. 2017) (distinguishing Purdue Research on its facts).

[7] In her brief, Plaintiff opaquely states without any evidentiary support that "since [1960], there have been numerous corporate name changes, spin-offs, reorganizations and other transactions relating to" the 10 Defendants named in the Complaint. (Opposition Brief, p. 13) Rather than helping Plaintiff's case, this statement underscores the Court's point that allegations supporting the imputation of the joiner contractor's contacts to Sonic Industries are lacking in this case.

7

Plaintiff's assertions, it is not Sonic Industries' burden to "provide the basis for its claim that it is not the putative successor to the joiner contractor" (Opposition Brief, p. 12), it is Plaintiff's burden to plead, in good faith and upon reasonable investigation[8], facts supporting her theory of successor liability personal jurisdiction. Farino, 960 F.2d at 1223; cf. Dubois v. All American Transport, Inc., 2006 WL 2054640 at *4 (D. Or. 2006) ("plaintiff's mere assertion on information and belief that Elite is a successor corporation, unsupported by any evidence, is insufficient to make [a prima facie] showing [of jurisdictional facts]. The motion to dismiss is therefor granted as to defendant Elite."). Accordingly, Sonic Industries' Motion to Dismiss for lack of personal jurisdiction will be granted.[9]

---

[8] Plaintiff emphasizes that the Complaint in this case was originally filed in New Jersey state court, and not in federal court. However, New Jersey pleading rules, like Fed. R. Civ. P. 11(b), require factual allegations to be made with "evidentiary support or, as to specifically identified allegations, they are either likely to have evidentiary support or they will be withdrawn or corrected if reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support." N.J. Ct. R. 1:4-8(a).

[9] Plaintiff asks this Court to grant her leave to amend her Complaint in the event that the Court concludes that she has not sustained her burden as to personal jurisdiction over Sonic Industries. However, a close inspection of Plaintiff's request reveals that Plaintiff seeks leave to amend *after* "additional [jurisdictional] discovery" is completed. (Opposition Brief, p. 18) Thus, in reality, what Plaintiff is actually asking the Court to do is grant her leave to amend *if* discovery provides

**IV. CONCLUSION**

    For the reasons set forth above, Defendant Sonic Industries, Inc.'s Motion to Dismiss for lack of personal

---

the necessary evidentiary support for her successor liability theory.  Plaintiff, however, has provided no basis for the Court to grant the discovery she seeks.  The Third Circuit has explained, "[i]f a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state the plaintiff's right to conduct jurisdictional discovery should be sustained." Toys 'R' Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003) (internal citations and quotations omitted). As discussed above, Plaintiff has not set forth with *any* particularity facts suggesting the possible existence of a predecessor-successor relationship between the joiner contractor and Sonic Industries.  Plaintiff's assertion in her brief that she "has attempted from the limited information available publicly to untangle the corporate relationships in an effort to identify the precise putative successor(s), the corporate spin-offs, reorganizations and name changes have rendered a more complete factual description of corporate successorship impossible without additional discovery" (Opposition Brief, p. 18) is, under the circumstances of this case, insufficient support for imposing burdensome discovery on Sonic Industries. Plaintiff has been aware of Sonic Industries' personal jurisdiction defense since November 2017 when Sonic Industries filed its pre-motion letter on the docket, in accordance with this Court's Individual Rules and Procedures.  [See Docket No. 15]  Thereafter, this Court addressed this issue, among others, with the parties during oral argument on other Defendants' Motion to Transfer Venue [see Docket No. 33], and two subsequent telephone conferences held in September and October 2018. [See Docket Nos. 49, 57]  The Court, on several occasions, inquired with Plaintiff as to the facts supporting personal jurisdiction over Sonic Industries in New Jersey, yet Plaintiff was never able to provide any specific or reliable facts.  Under these circumstances, the Court is left to conclude that the absence in the Complaint of facts relevant to the jurisdictional analysis results from Plaintiff's inability to plead such facts consistent with Fed. R. Civ. P. 11, rather than any misunderstanding as to what the law requires Plaintiff to plead, or mere inadvertence.

jurisdiction will be granted.  An Order consistent with this Opinion shall issue on this date.


DATED: June 4, 2019

                                             ___s/ Renée Marie Bumb_____
                                             RENÉE MARIE BUMB
                                             UNITED STATES DISTRICT JUDGE